[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2007
THOMAS K. KAHN
CLERK

No. 05-15994

_____

D. C. Docket Nos. 02-02692-CV-PWG-S & 03-00708-CV-PWG


SAMUEL MOORE, JR.,

                                                    Plaintiff-Appellant

                        versus

ITT TECHNICAL INSTITUTE,

                                                    Defendant-Appellee

_____

STEPHEN HOBBS,
BARRY JEFFERSON,
WEENA JONES,
KIMBERLY MCTYER,
CARRIE MOORE,
CHELAVONNE SINGLETON,

                                                    Plaintiffs-Appellants,

                        versus

ITT TECHNICAL INSTITUTE,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(February 13, 2007)**

Before CARNES, PRYOR and FARRIS,[*] Circuit Judges.

PER CURIAM:

Before us are seven plaintiffs each appealing the district court's decision to grant summary judgment for ITT Technical Institute on plaintiffs' many claims of employment discrimination and retaliation under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e et seq. In resolving these claims, the district court issued 125 reasoned pages, and we have little to add.

With regard to plaintiffs Weena Jones, Carrie Moore and Stephen Hobbs, we affirm for the reasons stated by the district court. With regard to Samuel Moore, we agree with the district court's reasons for dismissing his hostile work environment and constructive discharge claims. We also agree that Moore has failed to state a prima facie case of race discrimination based on failure to promote. We therefore do not reach the district court's alternative finding that Moore has

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

failed to carry his burden of showing pretext.

With regard to plaintiffs Barry Jefferson, Chelavonne Singleton, and Kimberly McTyer, we agree with the district court's reasons for rejecting their failure to promote, hostile work environment, and disparate treatment claims. As to their retaliation claims, we note that the Supreme Court recently held that application of Title VII's retaliation provision is not limited to employer's actions that affect the terms, conditions or status of employment, or even to those that occur at the workplace. Burlington N. & Santa Fe Ry. Co. v. White, ___ U.S. ___, 126 S. Ct. 2405, 2411–14 (2006). That holding calls into question the accuracy of the district court's statement of the requirements to establish a prima facie case for retaliation, as well as the continued validity of statements in several of this circuit's opinions. See, e.g. Bass v. Bd. of County Comm'rs, Orange County, Fla., 256 F.3d 1095, 1117 (11th Cir. 2001); Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). Nonetheless, there is insufficient evidence in the record to justify sending any of the retaliation claims to trial.

ITT articulated a legitimate non-discriminatory reason for shifting Jefferson to an inside representative position. The company had only three slots for outside representatives but it had four outside representatives and Jefferson was the least senior of the four. If there were evidence in the record that ITT had known for

3

months that it was overstaffed with outside representatives but had waited until the day after Jefferson's complaint of racial discrimination to redress the problem, an inference of pretext might be appropriate. But plaintiffs' counsel was unable to point to any such evidence in the record at oral argument, and our own review of the record has not revealed any either.

Singleton has presented a prima facie case of retaliation but identifies no evidence in the record that ITT's stated reason for her termination—her violation of work rules by sending an e-mail complaining of workplace conditions from a co-worker's computer—was pretextual. She argues that "it is the subject of the email which creates a question of fact as to whether or not retaliation motivated this action." That argument merely restates her prima facie case and is not by itself enough to create a genuine issue of material fact as to pretext.

Likewise, McTyer presents no evidence that ITT's proffered reason for her termination—violating the company's attendance policy—was pretextual. Although she contends that she had permission to miss the event in question, she concedes that her immediate supervisor, who was not the decision maker about her termination, told the ITT officials who were the decision makers that she did not have his permission. "An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for

4

discriminatory conduct." <u>Damon v. Fleming Supermarkets of Fla., Inc.</u>, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999).

At oral argument, McTyer's counsel directed us to a statement by Jerome Ruffin in which Ruffin expressed his feeling that an ITT supervisor had used him to retaliate against Stephen Hobbs and Barry Jefferson. However, Ruffin did not mention McTyer in this statement and Ruffin did not contend there was any specific evidentiary basis for his belief. Instead, he clarified: "That's just how I felt."

**AFFIRMED.**